## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK | § § § § § | CIVIL ACTION |
| | | NUMBER: _____ |
| Plaintiff | | |
| v. | § § § § § | |
| | | SECTION: ____ |
| CF, LLC | | |
| Defendant | | DIV. ____ |

## COMPLAINT FOR DECLARATORY JUDGMENT IN ADMIRALTY

Plaintiff, Great American Insurance Company ("Great American"), by its attorneys, Pugh, Accardo, Haas, Radecker & Carey, LLC, as and for its Complaint for a Declaratory Judgment against defendant, CF, LLC ("CF"), alleges on information and belief:

### JURISDICTION AND VENUE

1. Plaintiff brings this action for a declaratory judgment pursuant to 28 U.S.C. § 2201 *et. seq.* and Rule 57 of the Federal Rules of Civil Procedure.

2. This is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Admiralty jurisdiction of this Court pursuant to 28 U.S.C. §1333.

3. The Court also has diversity of citizenship jurisdiction based upon 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

1

## PARTIES

5.  Plaintiff, Great American, is a legal entity organized and existing under the laws of Ohio with an office and principal place of business at 65 Broadway, 20th Floor, New York, NY 10006, doing business *inter alia* as a marine insurer.

6.  Upon information and belief, CF is a corporation organized and existing under the laws of the state of Louisiana with a place of business at 3091 Hwy. 104, Opelousas, Louisiana.

## THE MARINE POLICY

7.  CF applied for Marine Commercial Liability insurance from Plaintiff.

8.  CF made various representations and warranties to Great American when applying for the insurance.

9.  Based upon CF's representations, Great American issued Marine Commercial Liability Policy No. OMH 3919583 02, effective May 6, 2017 to May 6, 2018 (the "Policy") (Attached as Exhibit 1).

10. The **DECLARATIONS PAGE** of the Policy lists the following as "NAMED INSURED":

> *CF, LLC*
> *POLICY # OMH 3919583*
> *POLICY EFFECTIVE DATE: 05/06/2017*
> *POLICY EXPIRATION DATE: 05/06/2018*

11. The Insuring Agreement within the Policy provides in part:

*Section 1 – Coverage A. Bodily Injury And Property Damage Liability*

*Insuring Agreement.*

> a.  *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to*

> which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> (1) The amount we will pay for damages is limited as described in **SECTION III - LIMITS OF INSURANCE**; and
>
> (2) Our right and duty to defend end when we have used up the applicable Limit of Insurance in the payment of judgments or settlements under Coverages **A, B** or medical expenses under Coverage **C**.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Additional Payments - Coverages A, B and Endorsed Coverage.**
>
> B. This insurance applies to "bodily injury" and "property damage" only if:
>
> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and
>
> (2) The "bodily injury" or "property damage" occurs during the policy period.

12. The Policy states in "**SECTION II – WHO IS AN INSURED.**" the following:

> 4. Any organization you newly acquire or form, <u>other than a partnership, joint venture or limited liability company</u>, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:
>
> **No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.**
>
> (<u>underscore </u>added)

### LEBLEU PETITION

13. CF was named a defendant in a Petition for Damages, "*Durward LeBleu and Penny LeBleu v. LeBlanc Marine, et al,*" filed in the 38th Judicial District Court for the Parish of Cameron, State of Louisiana, Case No. 10-20191 (the "Petition") (Attached as Exhibit 2).

3

DM1\4404251.1

14. The Petition was filed on August 8, 2018.

15. CF filed an Answer to the Petition on September 19, 2018, through counsel appointed by Great American subject to a Reservation of Rights identified hereinbelow. (Attached as Exhibit 3)

16. The Petition alleged that Durward LeBlanc sustained injuries as a result of a marine accident that occurred on or about October 10, 2017, on navigable waters in Cameron Parish, involving a vessel owned by LeBlanc Marine, Patriot Construction and/or CF, and operated by Grant Guidry, who was alleged to be an employee of LeBlanc Marine, Patriot Construction and/or CF.

17. The Petition specifically alleged:

> 5. On or about October 10, 2017, **DURWARD LEBLEU** arrived at **LEBLANC MARINE'S** remote work site in Cameron parish, a client of Sitech LA, LLC, to provide requested support on an excavator. Said excavator was on a remote barge, therefore, **DURWARD LEBLEU** was being transported to said excavator by boat/vessel. While en route, the driver of said boat/vessel, **GRANT GUIDRY,** was negligent in the operation of the boat/vessel and crashed and/or collided the boat/vessel into a bank of land. Said collision caused serious bodily injuries to petitioner.
>
> 6. The vessel/boat was owned by **LEBLANC MARINE** and/or **PATRIOT CONSTRUCTION** and/or **CF, LLC.** They neglected and/or refused to provide a safe, seaworthy vessel, including, but not limited to a reasonably trained captain and/or operator.

18. The Petition further alleged:

> 10. The sole and proximate cause of the above described accident was the negligence of the defendants, their agents, or assigns, employees, in the following among other, particulars, not to be exclusive:
>
>     a. Failing to properly maintain the boat/vessel in a reasonably safe manner;
>
>     b. Not keeping a proper lookout;

DM1\4404251.1

   c. Failing to drive with reasonable care;

   d. Careless and/or negligent operation;

   e. Negligent hiring, training, supervision, and/or entrustment.

19. CF's Answer admitted that it employed Grant Guidry.

20. The Petition also asserted claims against LeBlanc Marine and Patriot Construction.

21. LeBlanc Marine asserted cross-claims against CF for contribution and indemnity.

22. Subsequently, CF filed a Petition for Exoneration from or Limitation of Liability in this Honorable Court, "*In Re: THE MATTER OF CF, LLC AS OWNER PRO HAC VICE AND OPERATOR OF THE M/V LISA ANN PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY*", Civil Action No. 2:19-CV-00154. ("Limitation Action".) (Rec. Doc. # 1, Attached as Exhibit 4.)

23. Durward LeBleu and Penny LeBleu filed a Claim and Answer in the Limitation Action. (Rec. Doc. # 6, Attached as Exhibit 5.)

24. LeBlanc Marine also filed a Claim and Answer in the Limitation Action, in which it raised its own claim for exoneration from or limitation of liability, as owner of the M/V LISA ANN as an affirmative defense. (Rec. Doc. # 14, Attached as Exhibit 6.)

25. Durward LeBleu and Penny LeBleu filed a Motion for Summary Judgment seeking dismissal of CF's Limitation Action. (Rec. Doc. # 43.)

26. In their Reply Memorandum to CF's Opposition to their Motion for Summary Judgment, Durward LeBleu and Penny LeBleu argued in part, that CF and LeBlanc were engaged in a "joint venture or partnership arrangement" for the work being done at the site when the alleged accident occurred. (Rec. Doc. # 49, Attached as Exhibit 7.)

27. This Honorable Court issued its Memorandum Ruling, including its Factual Statement, on February 3, 2020, granting Durward LeBleu and Penny LeBleu's Motion for

Summary Judgment and dismissing CF's claim for exoneration from or limitation of liability; but preserving LeBlanc Marine's claim for exoneration from or limitation of liability. (Rec. Doc. #52, Attached as Exhibit 8.)

28. In its Factual Statement made part of the Memorandum Ruling, this Honorable Court found the following:

    a. that at all pertinent times, the M/V LISA ANN was owned by LeBlanc Marine and was used at a construction site within the Rockefeller Refuge/ Reserve ("the site.") (Exhibit 8, p. 1);

    b. that CF had two employees at the site, including Grant Guidry, who operated equipment and drove boats. (*Id.*, p. 2);

    c. that CF and LeBlanc had an oral agreement to share each other's boats and equipment; that CF employees could use LeBlanc's boats, and LeBlanc employees could use CF's boats; and that CF and LeBlanc split the profits from the job, and theoretically split the expenses. (*Id.*, p. 2);

    d. that CF's and LeBlanc's oral agreement to share the boats allowed any of CF's or LeBlanc's employees to use any of the boats on location. (*Id.*, p. 3);

    e. that historically, the costs of fuel for the boats was split between CF and LeBlanc at a later date (*Id.*, p. 2);

    f. that on the date of loss, October 10, 2017, Grant Guidry, an employee of CF was the driver or operator of the M/V LISA ANN. (*Id.*, p. 3);

    g. that Mr. LeBleu was being transported between the dock and a barge at the Rockerfeller project site. (*Id.*, p. 3);

    h. that if either CF or LeBlanc removed their equipment from the site, it would have been a violation of the parties' agreement to provide equal equipment. (Id., p. 3).

## POLICY CLAIM

29. By letter dated August 15, 2018, CF first tendered notice of the Petition and the underlying events to Great American claiming coverage for the claims asserted by Durward LeBleu and Penny LeBleu.

30. Great American appointed counsel to defend CF against the allegations in the Petition.

31. Great American issued a Reservation of Rights letter to CF on September 7, 2018, followed by an "Excess Letter" January 31, 2019, identifying potential coverage defenses including those created by the "**OCEAN MARINE GENERAL ENDORSEMENT DELETION OF LENGTH REQUIREMENT FOR NON-OWNED WATERCRAFT**" discussed above. (Attached, collectively as Exhibit 9.)

32. Great American's appointed defense counsel continued to vigorously defend CF, including filing and pursuing the Limitation Action described above.

33. On January 24, 2020, Great American issued a supplementary Reservation of Rights Letter to CF, LLC, reserving its rights to decline coverage based on the Policy Language in Section II of the Policy stating, "***No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.***" Great American agreed to continue providing a defense to CF, subject to the original and supplemental Reservation of Rights. (Exhibit 10.)

34. The Policy only insures CF for risks as set forth in the terms and conditions of the Policy.

35. The Petition alleges liability of CF arising out of its alleged ownership/operation of the M/V LISA ANN.

DM1\4404251.1

36. As part of the underlying litigation arising out of the Petition, LeBleu's counsel deposed Cody Fortier, President of CF, LLC on July 25, 2019.

37. Mr. Fortier testified that CF and LeBlanc had an oral agreement to share each other's boats and equipment; that CF employees could use LeBlanc's boats, and LeBlanc employees could use CF's boats; that CF and LeBlanc split the revenue from the job, and theoretically split the expenses; that historically, the costs of fuel for the boats was split between CF and LeBlanc at a later date; that if either CF or LeBlanc removed their equipment from the site, it would have been a violation of the parties' agreement to provide equal equipment; and that CF's and LeBlanc's oral agreement to share the boats allowed any of CF's or LeBlanc's employees to use any of the boats on location.

38. Mr. Fortier testified that, "There was nothing written. It was an agreement that I would do half and he would do half." (Fortier deposition, p. 38, l. 21 -23.)

39. The evidence shows that CF was engaged in a partnership or joint venture with LeBlanc and that the incident alleged in the Petition arose with respect to the conduct of that partnership or joint venture.

40. The only Named Insured in the Declarations of the Policy is CF, LLC.

41. There is no partnership or joint venture shown as a Named Insured in the Declarations of the Policy.

42. Therefore, CF's conduct as part of its partnership or joint venture with LeBlanc, and any liability arising with respect to such conduct is expressly excluded under the terms and conditions of Great American's Policy.

43. Great American requests the Court issue Judgment declaring that the claim that is the subject of the Petition is not covered by the Policy as the accident that is the subject of the

DM1\4404251.1

underlying Petition occurred with respect to conduct by CF acting as a member of a partnership or joint venture that is not shown as a Named Insured in the Declarations of the Policy, and which conduct is expressly not covered by, and is excluded from coverage by the Policy.

**WHEREFORE**, Great American Insurance Company prays that this Court issue Judgment as aforesaid, awarding it the legal fees and expenses of having to bring this action plus costs; and for such other and further relief as justice provides or the Court deems appropriate.

Respectfully submitted,

**PUGH, ACCARDO, HAAS, RADECKER & CAREY, LLC**

BY:   *s/Christopher E. Carey*
CHRISTOPHER E. CAREY (#1751)
FREDERICK T. HAAS, III (#6393)
1100 Poydras Street, Suite 3300
New Orleans, LA 70163-1132
Telephone: 504-799-4548
Facsimile: 504-799-4520
ccarey@pugh-law.com
fhaas@pugh-law.com
**ATTORNEYS FOR PLAINTIFF**
*Great American Insurance Company of New York*

**Please Issue a Summons and a Certified Copy of Complaint for Service of Process As Follows:**

CF, LLC
Through its Registered Agent for Service of Process
Cody Fortier
3091 WHY 104
Opelousas, LA 70570

DM1\4404251.1